<u>CLOSING</u>

**UNITED STATES DISTRIT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| EDWARD THOMAS KENNEDY, | | Civil Action No. 18-13285 |
| | *Plaintiff,* | |
| v. | | ORDER |
| ARCHDIOCESE OF NEWARK, et al. | | |
| | *Defendants*. | |

**THIS MATTER** comes before the Court by way of <u>pro se</u> Plaintiff Edward Thomas

Kennedy's ("Plaintiff") Complaint and application to proceed <u>in forma pauperis</u> under 28 U.S.C.

§ 1915, ECF No. 1;

and it appearing that Plaintiff has established his inability to pay the costs of the proceeding,

the Court grants his application to proceed <u>in forma pauperis</u> without prepayment of fees and costs

under 28 U.S.C. § 1915(a);

and it appearing that, pursuant to 28 U.S.C. § 1915(e)(2), the Court must also determine

whether the claims set forth in Plaintiff's Complaint must be dismissed;

and it appearing that 28 U.S.C. § 1915(e)(2)(B)(ii) requires dismissal of the action if the

Complaint fails to state a claim on which relief may be granted;[1]

---

[1] When evaluating whether a claim must be dismissed under Section 1915(e) for failure to state a claim upon which relief may be granted, the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 112 (3d Cir. 2002). In order to survive a 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).

and it appearing that the Court construes pleadings filed by a pro se plaintiff liberally and holds them to a less stringent standard than those filed by attorneys, Haines v. Kerner, 404. U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaints to support a claim," Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013);

and it appearing that Plaintiff asserts a variety of claims against the Archdiocese of Newark, Joseph W. Tobin, Seton Hall University ("Seton Hall"), Seton Hall University School of Law ("Law School"), the State of New Jersey, the New Jersey State Bar Association, Mary Meehan, Kathleen M. Boozang, the Law School Admissions Council, Inc., Leanne M. Shank, and Kellye Teste (collectively, "Defendants") arising primarily out of Defendants' failure to consider his application to Seton Hall University School of Law because he did not take the Law School Admissions Test ("LSAT"), as well as claims of unlawful restraints on trade in the legal market against the State of New Jersey and the New Jersey Bar Association,[2] Compl. ¶¶ 3-47;

and it appearing that Plaintiff seeks damages of "$1,000 for each day of unlawful behaviors for each defendant or $1,500,000.00 from each defendant, whichever is greater," as well as various forms of declaratory and injunctive relief, including that Seton Hall admit Plaintiff to the Law School, tuition free, id. ¶¶ 52-62;

and it appearing that Plaintiff's claims regarding trespass (Counts I, II, and III), failure to provide a republican form of government and false advertising (Count IV), intentional infliction of emotional distress (Count V), bad faith (Count VII), and negligence (Count VIII) either lack coherence or fail to articulate any facts that would survive a motion to dismiss;[3]

---

[2] Plaintiff characterizes his claims as "trespass," "trespass on the case," "failure to provide a Republican form of government and false advertising," "intentional infliction of emotional distress," "restraint of trade," "bad faith," and "negligence." See Compl. ¶¶ 3-47.

[3] For example, Plaintiff's trespass-related claims are predicated on the fact that Defendants "exceeded [their] jurisdiction under color of law. Each defendant acted in concert with the remaining defendants to affect the unlawful loss of school acceptance and liberty of [Plaintiff]" because Seton Hall would not consider Plaintiff's application without an LSAT score. See Compl. ¶¶ 8-9. He fails to explain how this fact reasonably relates to any trespass-related

and it appearing that, construing Plaintiff's Complaint liberally, Plaintiff asserts a claim

against the New Jersey Bar Association for creating an unlawful restraint of trade by monopolizing

the market for practicing law (Count VI), id. ¶¶ 34-38;

and it appearing that, in order to state a claim for an unlawful restraint of trade under

Section 1 of the Sherman Act, 15 U.S.C. § 1, Plaintiff must "plead the following two elements:

(1) 'that the defendant was party to a contract, combination . . . or conspiracy' and (2) 'that the

conspiracy to which the defendant was a party imposed an unreasonable restraint on trade,'"

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) (citing In re Ins. Brokerage

Antitrust Litig., 618 F.3d 300, 315 (3d Cir. 2010);

and it appearing that, in order to state a monopolization claim under Section 2 of the

Sherman Act, 15 U.S.C. § 2, Plaintiff must demonstrate "(1) the possession of monopoly power in

the relevant market and (2) the willful acquisition or maintenance of that power as distinguished

from growth or development as a consequence of a superior product, business acumen, or historic

accident," United States v. Grinnell Corp., 384 U.S. 563, 570-71 (1966)

and it appearing that Plaintiff's Complaint consists only of bald allegations and does not

assert enough facts to state a claim for relief nor establish a connection between his alleged injuries

and the damages sought that is plausible on its face;

   **IT IS** on this 17th day of October, 2019;

---

claim.  Similarly, Plaintiff states that the "Constitution guarantees to every state a Republican form of government," but does not elaborate on how this supports, or even relates to, his claim of "false advertising."  Id. ¶¶ 27-30.  Next, Plaintiff alleges intentional infliction of emotional distress because Defendants "advertise and promise (falsely) with intent to harm Kennedy . . . [and] knowingly lie, mislead, misconstrue, misrepresent, and put false information into courts of law, websites and the public record by confusing human rights with civil rights," without proffering any evidence of Defendants' intent or his own emotional distress.  Id. ¶ 32.  Finally, Plaintiff's bad faith and negligence claims merely state the dictionary definition of bad faith and the Second Restatement of Torts definition of negligence without putting forth any relevant supporting facts.  Id. ¶¶ 40-41, 45-46.

**ORDERED** that the Plaintiff's Motion to proceed <u>in forma pauperis</u> is **GRANTED**, and

the Complaint is **DISMISSED** for failure to state a claim; and it is further

**ORDERED** that this matter is now **CLOSED.**

<u>*/s Madeline Cox Arleo*</u>
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**